IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| RANDY ARGO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. G-07-0488 |
| | § | |
| BRAZORIA COUNTY, TEXAS, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

The plaintiff, Randy Argo, sued the defendants, Brazoria County, Texas, and Officers Charles Wagner, Jerry Fortenberry, and Herman Wood, for excessive force and wrongful arrest under 42 U.S.C. § 1983. The claims against Brazoria County and Wagner were dismissed under Federal Rule of Civil Procedure 12(b)(6). The claims against Fortenberry and Wood were tried to a jury in March 2009. At the close of the evidence at trial, Fortenberry and Wood moved for judgment as a matter of law under Federal Rule of Civil Procedure 50(a). The jury found that Fortenberry and Wood were not liable on the issue of wrongful arrest and that Fortenberry was not liable on the issue of excessive force. The jury found that Wood had used excessive force against Argo and awarded $500.00 in damages.

Wood renews his motion for judgment as a matter of law under Federal Rule of Civil Procedure 50(b), arguing that the evidence at trial did not support the jury's finding that Wood used excessive force against Argo. (Docket Entry No. 65). Argo has not responded. Based on a careful review of the motion and applicable law, this court denies Wood's motion.

A motion for judgment as a matter of law is appropriate when, on reviewing the entire record, there is no legally sufficient evidentiary basis for a reasonable jury to find for the nonmoving party on an issue. *DP Solutions, Inc. v. Rollins, Inc.*, 353 F.3d 421, 427 (5th Cir. 2003). In evaluating the record, the court must make all reasonable inferences for the nonmoving party. *Id.*; *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133 (2000). Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge. *DP Solutions*, 353 F.3d at 427 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). In considering a Rule 50 motion for judgment as a matter of law following a jury verdict, the court must be "especially deferential" to the jury's findings. *Brown v. Bryan County, OK*, 219 F.3d 450, 456 (5th Cir. 2000). The Fifth Circuit's standard for reviewing a jury verdict is whether "the state of proof is such that reasonable and impartial minds could reach the conclusion the jury expressed in its verdict." *Am. Home Assur. Co. v. United Space Alliance*, 378 F.3d 482, 487 (5th Cir. 2004) (quoting *Liberty Mut. Ins. Co. v. Falgoust*, 386 F.2d 248, 253 (5th Cir. 1967)). A jury verdict must stand unless there is a lack of substantial evidence, viewed in the light most favorable to the successful party, to support the jury's factual findings, or the legal conclusions implied from the jury's verdict cannot, in law, be supported by those findings. *Id.*

The elements of an excessive force claim under § 1983 are "(1) an injury (2) which resulted directly and only from a use of force that was clearly excessive; and (3) the excessiveness of which was clearly unreasonable." *Ontiveros v. City of Rosenberg, Tex.*, 564 F.3d 379, 382 (5th Cir. 2009). There was evidence before the jury that Wood caused physical injuries to Argo that required a doctor's visit; that Wood's actions in dangling Argo over the porch rail were clearly excessive as applied to the need Argo's actions presented; and that Wood's actions were clearly unreasonable.

The evidence before the jury was legally sufficient to support the $500.00 excessive force verdict against Wood.  The arguments as to the weight and credibility of that evidence are not relevant to this Rule 50(b) motion.

    Wood's motion for judgment as a matter of law is denied.

    SIGNED on June 18, 2009, at Houston, Texas.

                                            Lee H. Rosenthal
                                      United States District Judge